UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRYSTAL BRIDGES,<br><br>      Plaintiff,<br><br>v.<br><br>ADT LLC d/b/a ADT SECURITY SERVICES and DEFENDERS, INC. d/b/a DEFENDER DIRECT a/k/a DEFENDER a/k/a PROTECT YOUR HOME a/k/a ADEX SECURITY a/k/a HOME DEFENDER ILLINOIS a/k/a ILLINOIS HOME DEFENDERS a/k/a DEFENDERS,<br><br>      Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 4:18-cv-00989<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes CRYSTAL BRIDGES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ADT LLC d/b/a ADT SECURITY SERVICES ("ADT") and DEFENDERS, INC. d/b/a DEFENDER DIRECT a/k/a DEFENDER a/k/a PROTECT YOUR HOME a/k/a ADEX SECURITY a/k/a HOME DEFENDER ILLINOIS a/k/a ILLINOIS HOME DEFENDERS a/k/a DEFENDERS ("Defenders") (collectively referred to as "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* for Defendants' unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person residing in the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defenders, through its partners and principals, offers home alarm services. In order to generate business, Defendant advertises its products through the use of telephone solicitation. Defendant's headquarters are located at 7525 Pine Varey Lane, Indianapolis, Indiana 46250, and Defendant's registered agent in Texas is located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

7. Defenders is a "person" as defined by 47 U.S.C. §153(39).

8. Defenders acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

9. ADT, individually and through its partners and agents, provides home alarm services. In order to generate business, ADT contracts with agents, such as Defenders, to advertise its services through the use of telephone solicitation. ADT's headquarters are located at 1501 Northwest 51st

Street, Boca Raton, Florida 33431. ADT's registered agent in Texas is C T Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. ADT is a "person" as defined by 47 U.S.C. §153(39).

11. ADT acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

12. In 2017, Plaintiff began receiving calls to her cellular phone, (832) XXX-7890, from Defenders, offering ADT's services.

13. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7890. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Defenders has mainly called Plaintiff's cellular phone using the phone number (832) 742-6017, but upon belief, it has used other numbers as well.

15. Upon information and belief, the above phone number ending in 6017 is regularly utilized by Defendants to make outgoing calls to consumers to whom they solicit their business.

16. When Plaintiff answers calls from Defenders, she experiences a noticeable pause and often has to say "hello" several times before she is connected with a live representative.

17. Plaintiff is also often greeted with a pre-recorded message when answering the unwanted calls from Defendants.

18. Upon speaking with Defenders' representatives, it became clear that Defendants are attempting contact an individual named "Ricky Raven" to whom Defendants are attempting to solicit ADT home alarm services. Plaintiff is unaware of any individual by that name and has

informed Defenders repeatedly that she is not that person, further stating that she is not interested in contracting for services with ADT.

19. Furthermore, Plaintiff has repeatedly demanded that the calls cease.

20. Despite Plaintiff's demands that the calls cease, Defendants continued to systematically and relentlessly call her cellular phone through the present day.

21. Plaintiff has received not less than 60 unsolicited and unauthorized phone calls from Defendants, even after demanding that the calls stop.

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

23. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the constant calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – DEFENDANTS' VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defenders, at the direction of ADT, used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause that Plaintiff experiences upon answering Defendants' harassing calls, in addition to the fact that Plaintiff has to repeatedly say "hello" before she is connected with a live representative, are indicative that an ATDS is being used to generate the phone calls. Similarly, the frequency and nature of Defendants' calls make it clear that Defendants utilized an ATDS to generate the unwanted and harassing calls to Plaintiff's cellular phone.

27. Defendants violated the TCPA by placing at least 60 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff never provided consent to Defendants to place calls to her cellular phone, either through an ATDS or otherwise. Even if Plaintiff had ever consented to the harassing solicitation calls, such consent was explicitly revoked by her demands that it cease contacting her. Furthermore, by explaining to Defendants that she is not "Ricky Raven", Plaintiff further advised Defendants that their harassing calls to her cellular phone were not welcome.

28. The calls placed by Defenders to Plaintiff's cellular phone were placed at the direction of ADT.

29. Moreover, the harassing and unwanted phone calls placed to Plaintiff's cellular phone by Defenders were for the benefit of ADT.

30. The calls placed by Defendants to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are liable to Plaintiff for at least $500.00 per call. Moreover, Defendants' willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CRYSTAL BRIDGES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendants from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 29, 2018                                   Respectfully submitted,

/s/ Marwan R. Daher                     /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                   Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                 *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200   2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                 Lombard, Illinois 60148
Telephone: (630) 575-8181 ext. 109      Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                  osulaiman@sulaimanlaw.com